**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **CYNDE ALEXANDER,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:13-cv-1001-PMW** |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | |
| **Defendant.** | **Magistrate Judge Paul M. Warner** |

Before the court is Cynde Alexander's ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id*. §§ 1381-1383f.  After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

## BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments.  On February 2, 2011, Plaintiff applied for DIB and SSI, alleging disability beginning on March 31, 2002.[1]  Plaintiff's application was denied initially and upon reconsideration.[2]  On July 11, 2011, Plaintiff

---

[1] *See* docket no. 7, Administrative Record ("Tr. _____") 155-67.

[2] *See* Tr. 65-68.

requested a hearing before an Administrative Law Judge ("ALJ"),[3] and that hearing was held on June 13, 2012.[4]  On June 19, 2012, the ALJ issued a written decision denying Plaintiff's claim for DIB and SSI.[5]  On September 12, 2013, the Appeals Council denied Plaintiff's request for review,[6] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On December 10, 2013, Plaintiff filed her complaint in this case, which was assigned to District Judge Ted Stewart.[7]  The Commissioner filed her answer and the administrative record on March 24, 2014.[8]

On March 25, 2014, Judge Stewart referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).  *See* 28 U.S.C. § 636(b)(1)(B).  On July 10, 2014, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[9]  Consequently, the case was reassigned to Magistrate Judge Warner pursuant to 28

---

[3] *See* Tr. 98-99.

[4] *See* Tr. 28-46.

[5] *See* Tr. 8-27.

[6] *See* Tr. 1-3.

[7] *See* docket no. 4.

[8] *See* docket nos. 5, 7.

[9] *See* docket nos. 14-15.

U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[10]  *See* 28 U.S.C. § 636(c);

Fed. R. Civ. P. 73.

Plaintiff filed her opening brief on July 7, 2014.[11]  The Commissioner filed her answer

brief on August 6, 2014.[12]  Plaintiff filed her reply brief on August 25, 2014.[13]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual

findings are supported by substantial evidence in the record and whether the correct legal

standards were applied."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and

citation omitted).  The Commissioner's findings, "if supported by substantial evidence, shall be

conclusive."  42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.  It requires more than a

scintilla, but less than a preponderance."  *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

"In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute

[its] judgment for that of the [ALJ]."  *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006)

(quotations and citation omitted).  "The failure to apply the correct legal standard or to provide

this court with a sufficient basis to determine that appropriate legal principles have been

followed [are] grounds for reversal."  *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005)

(quotations and citation omitted).

---

[10] *See id*.

[11] *See* docket no. 12.

[12] *See* docket no. 16.

[13] *See* docket no. 19.

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the

claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*.  At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## ANALYSIS

In support of her claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred:  (1) in his assessment of certain medical opinions, (2) in his evaluation of Plaintiff's credibility, and (3) at step five of the sequential evaluation process.  The court will address those arguments in turn.

### I.  Medical Opinions

Plaintiff first argues that the ALJ erred in his evaluation of certain medical opinions.

> In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight.  To make this determination, the ALJ . . . must first consider whether the opinion is well[ ]supported by medically acceptable clinical and laboratory diagnostic techniques.  If the answer to this question is "no," then the inquiry at this stage is complete.  If the ALJ finds that the opinion is well[ ]supported, he must then confirm that the opinion is consistent with other

substantial evidence in the record.  If the opinion is deficient in either of these respects, then it is not entitled to controlling weight.

Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. §§ 404.1527 and 416.927].  Those factors are:  (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

Under the regulations, the agency rulings, and [Tenth Circuit] case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion . . . that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight.  If the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted) (sixth alteration in original); *see also* 20 C.F.R.  §§ 404.1527(c), 416.927(c).

An ALJ is not required to discuss every factor set forth in the relevant regulations.  *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (stating that when an ALJ does not discuss every factor, it "does not prevent this court from according his decision meaningful review").  As with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies  *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).

6

Plaintiff argues that the ALJ erred by failing to indicate the weight he accorded to the opinions of (A) Dr. Duy Pham ("Dr. Pham); (B) Mr. Anthony Lee, APRN ("Mr. Lee"); (C) Mr. Michael Olsen, LCSW ("Mr. Olsen"); and (D) Ms. Margo Stevens APRN ("Ms. Stevens").

### A.  Dr. Pham

In this case, the ALJ relied upon a proper factor to support the conclusion that Dr. Pham's opinions were entitled to no weight.  The ALJ properly relied upon the fact that the extreme limitations contained in Dr. Pham's opinions were not supported by the medical record and were internally inconsistent.  *See* 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3).  In arguing that the ALJ erred by according Dr. Pham's opinions no weight, Plaintiff points to selective portions of the record to support her argument.  Plaintiff's arguments on this point are, in essence, an attempt to reargue the weight of the evidence before the ALJ, which is a futile tactic on appeal.  It is not this court's role to reweigh the evidence before the ALJ.  *See Madrid*, 447 F.3d at 790.  Indeed, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies.  *See Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247.  From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions.  *See Oldham*, 509 F.3d at 1257 (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)); *see also Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.  We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been

before it de novo." (quotations and citations omitted) (alteration in original)).  For those reasons, the court concludes that Plaintiff's arguments concerning the ALJ's treatment of Dr. Pham's opinions are without merit.

### B.  Mr. Lee

With respect to Mr. Lee, the court notes initially that he is considered an "other source." *See* Social Security Ruling ("SSR") 06-03p.  Pursuant to SSR 06-03p, the factors for evaluating the opinions of treating physicians apply with equal weight to the opinions "other sources."  *See id.*; *see also* 20 C.F.R.  §§ 404.1527(c), 416.927(c).  However, not every factor will apply in every case in which there is opinion evidence form a treating source that is an "other source." *See* SSR 06-03p.  In this case, the ALJ considered proper factors in determining that Mr. Lee's opinions were entitled to reduced weight.  The ALJ relied upon the fact that Mr. Lee's opinions were unsupported by the other evidence in the record.  *See* 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3).  The ALJ also considered the fact that Mr. Lee's opinions were inconsistent with other evidence in the record.  *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4).  Finally, the ALJ properly cited to the fact that Mr. Lee was not an acceptable medical source.  *See* SSR 06-03p. For those reasons, the court concludes that the ALJ did not err in his evaluation of Mr. Lee's opinions.

### C.  Mr. Olsen

The ALJ again relied upon proper factors to support his conclusion that Mr. Olsen's opinions were entitled to no weight.  Like Mr. Lee, Mr. Olsen is considered an "other source." *See id*.  The ALJ relied upon the fact that Mr. Olsen gave Plaintiff dramatically conflicting Global Assessment of Functioning ("GAF") scores within a very short period of time (either on

the same day or on consecutive days).  *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4).  The ALJ

also considered that those GAF scores were not tied to any clinically significant evidence and did

not have sound support in the record.  *See* 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3).  Finally,

the ALJ noted that Mr. Olsen was not an acceptable medical source.  *See* SSR 06-03p.

Accordingly, the court concludes that the ALJ did not err in his treatment of Mr. Olsen's

opinions.

### D.  Ms. Stevens

Finally, the ALJ relied upon proper factors in determining that the opinions of Ms.

Stevens were entitled to reduced weight.  The ALJ relied upon the fact that Ms. Stevens did not

provide any functional limitations other than assigning Plaintiff a GAF score.  *See* 20 C.F.R.

§§ 404.1527(c)(3), 416.927(c)(3).  The ALJ also noted that Ms. Stevens had assigned Plaintiff a

GAF score that was dramatically inconsistent with a GAF score provided a month before and

was not supported by evidence in the record.  *See* 20 C.F.R. §§ 404.1527(c)(3)-(4),

416.927(c)(3)-(4).  Finally, the ALJ cited to the fact that Mr. Olsen was not an acceptable

medical source.  *See* SSR 06-03p.  For those reasons, the court concludes that the ALJ did not err

in his evaluation of the opinions of Ms. Stevens.

### II.  Credibility

Plaintiff argues that the ALJ erred in his credibility assessment.  In general, "[c]redibility

determinations are peculiarly the province of the finder of fact, and [this court] will not upset

such determinations when supported by substantial evidence."  *Kepler v. Chater*, 68 F.3d 387,

391 (10th Cir. 1995) (quotations and citation omitted).   Although credibility determinations

"should be closely and affirmatively linked to substantial evidence," *id.* (quotations and citation

omitted), they "do[] not require a formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

SSR 96-7p clarifies the standards an ALJ must apply when evaluating the credibility of an individual's statements, including his or her allegations of pain. *See* SSR 96-7p. In addition to the objective medical evidence, an ALJ should consider the following factors when assessing the credibility of an individual's statements:

1. The individual's daily activities;
2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*Id*.; *see* 20 C.F.R. §§ 404.1529(c), 416.929(c); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993).

In this case, the ALJ relied upon proper factors to support his determination that Plaintiff's statements about her alleged impairments and limitations were not fully credible. The ALJ properly relied upon the fact that evidence in the record contradicted Plaintiff's complaints concerning her alleged impairments and limitations. *See* 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4); SSR 96-7p ("One strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record."); *see also*

*Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988) (providing that an ALJ can consider "the consistency or compatibility of nonmedical testimony with objective medical evidence" when assessing credibility).  The ALJ also properly noted that Plaintiff received minimal treatment during the time period at issue, responded well to medications, and was stabilized on medications when she was complaint with treatment.  *See* 20 C.F.R. §§ 404.1529(c)(3)(iv)-(v), 416.929(c)(3)(iv)-(v); SSR 96-7p.

As with one of her previous arguments, Plaintiff supports her argument concerning the ALJ's credibility determination by pointing to selective portions of the record.  This is again an attempt to reargue the weight of the evidence before the ALJ, which must fail on appeal.  *See Oldham*, 509 F.3d at 1257; *Lax*, 489 F.3d at 1084; *Madrid*, 447 F.3d at 790; *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247.

Based on the foregoing, the court concludes that the ALJ articulated sufficient reasoning and relied upon proper factors in determining that, overall, Plaintiff's testimony was not fully credible.  Furthermore, the ALJ's determination is "closely and affirmatively linked to substantial evidence." *Kepler*, 68 F.3d at 391 (quotations and citation omitted).  Accordingly, the court concludes that the ALJ did not err in his assessment of Plaintiff's credibility.

### III.  Step Five

Finally, Plaintiff argues that the ALJ erred at step five of the sequential evaluation process by concluding that there were jobs in significant numbers in the national economy that Plaintiff could perform.  More specifically, Plaintiff contends that the ALJ erred by failing to include the limitations expressed by Dr. Pham and Mr. Lee in the RFC and the hypothetical given to the VE.  Given the court's conclusions above concerning the ALJ's treatment of the opinions Dr. Pham

and Mr. Lee, the court concludes that the ALJ was not required to include every limitation expressed by Dr. Pham and Mr. Lee in the RFC or in the hypothetical given to the VE.  In this case, the ALJ included all of the limitations contained in the final RFC determination in the hypothetical provided to the VE.  Accordingly, there was no error.  *See, e.g.*, *Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) ("The ALJ propounded a hypothetical question to the VE that included all the limitations the ALJ ultimately included in his RFC assessment.  Therefore, the VE's answer to that question provided a proper basis for the ALJ's disability decision.").

## CONCLUSION AND ORDER

Based on the foregoing, the court concludes that all of Plaintiff's arguments fail. Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED**.

**IT IS SO ORDERED**.

DATED this 6th day of February, 2015.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge